McCALLA *et al. v.* AMERICAN FREEHOLD, &c., Co..

| 90 | 113 |
|----|-----|
| 97 | 438 |
| 90 | 113 |
| 98 | 790 |
| 90 | 113 |
| 100 | 737 |
| 90 | 113 |
| 102 | 751 |
| 90 | 113 |
| 109 | 655 |
| 90 | 113 |
| j126 | 303 |

1. When the court, by mistake, rules that the burden of proof is on the claimant instead of upon the plaintiff in execution, the mistake may be corrected on its discovery even after all the evidence has been introduced, and it is not error then to hold that the burden of proof rests on the plaintiff, and for that reason to allow him to open and conclude the argument.

2. An entry of levy by the sheriff on an execution against an administrator, which declares that the land seized is levied on as the property of the intestate in the hands of the administrator to be administered as the estate of the intestate, does not import that the property is in the possession of the administrator, but only that it is property subject to be administered by him.

3. A deed under seal conveying land, executed in the name of the ostensible makers, but not in their presence, by a person authorized by them verbally, is invalid and will not pass the title except in favor of those who act upon it in a way to be prejudiced should the authority to make it be repudiated. As to such persons, after they have parted with their money on the faith of the deed, the ostensible makers will be estopped from denying the authority of the person who with their consent subscribed their names to the instrument.

4. If a conveyance under seal be executed by a person without authority, written or verbal, no ratification of the same save one in writing and under seal will be effectual in behalf of any person who has not acted upon the ratification in a way to make the law of estoppel applicable for his protection. *Pollard* v. *Gibbs*, 55

v 90-8

*Ga.* 45. A ratification by mere silence after one has parted with his money on the faith of a forged deed will not render the deed operative in favor of the person who has thus acted.

5. Where land has been conveyed to a creditor by absolute deed as security for a debt, he making a bond for titles, it is not subject to levy and sale on the judgment for the debt until it has been reconveyed to the debtor as provided by section 1970 of the code. In this case there was no evidence of such reconveyance.

August 1, 1892.                       *Judgment reversed.*

Claim. Practice. Levy and sale. Administrator. Deed. Estoppel. Ratification. Creditor. Before R. M. Willis, judge *pro hac vice.* Harris superior court. April term, 1891.

A *fi. fa.* in favor of the American Freehold Land Mortgage Company of London, limited, against Truett, administrator of John L. McCalla, deceased, was levied upon certain land, parts of which were claimed by Nancy, Louisa and Jane McCalla, these parts being lot 220 and 50 acres of the southeast corner of lot 219. The entry of levy stated that the property was "levied on as the property of John L. McCalla, deceased, in the hands of A. F. Truett, administrator, to be administered as the estate of said John L. McCalla, deceased. And I have given A. F. Truett due and legal notice of said levy as tenant in possession." There was a verdict finding the property subject. The motion for new trial made by claimants was overruled, and they excepted.

The court at first ruled that under the sheriff's return the *onus* was upon the claimants, who went forward and submitted proof, and then the plaintiff submitted proof, and the proof being closed, the court, having examined the *fi. fa.*, ruled that the plaintiff was entitled to open and conclude the argument to the jury, and took from the claimants the opening and conclusion, on which ruling is based one of the grounds for new trial.

At the trial appeared in evidence the following deeds: (1) From R. H. and H. L. McCalla and the three claim-

ants to John L. McCalla, dated January 30, 1884, recorded February 3, 1884, conveying fifty acres of the southwest corner of lot 219, in consideration of $600. (2) From John L., R. H. and H. L. McCalla to the claimants, dated February 4, 1884, recorded February 5, 1884, conveying lot 229 and fifty acres of the southeast corner of lot 219, in consideration of $1,800. (3) From the claimants to John L. McCalla, dated February 5, 1884, recorded February 14, 1884, conveying lot 220 and fifty acres of the southeast corner of lot 219, in consideration of $2,000. (4) From John L. McCalla to Sherwood, dated March 1, 1884, recorded March 8, 1884, conveying lot number 142, lot 220, and the south half of lot 219, in consideration of $1,500, to secure a loan for that amount " under the conditions of a certain bond for reconveyance executed by the said second party to the first party, which said bond is made a part hereof. This deed and said bond are executed to conform to sections 1970 and 1971 of the code of Georgia." (5) From Sherwood to the plaintiff, dated March 4, 1884, recorded March 8, 1884, conveying the parcels of land last mentioned, subject to the bond to reconvey.

The testimony showed that the claimants lived with their father on the land in dispute, up to his death eight or nine years before the trial, and had been in possession ever since. John L. McCalla died about four years before the trial. He was never in possession of the land in dispute. The claimants were not present when the deed from them to John L. McCalla was signed. Their names were signed thereto by their brother, Robert McCalla, who testified that he went with one Grant, to witness the deed, to the house of Sparks, J. P., and in a short while John L. McCalla came. Witness asked him what about the deed, and he replied, " It is all right." Witness then signed his sisters' names; he was not authorized by them to do so, and they had never

ratified it. John L. was an honest man in whom he had full confidence, and he had never deceived him. He signed his sisters' names to the other deed conveying land to John L. McCalla, which was made at the same place and executed before the same witnesses. He and his brothers Hugh and John made a deed to his sisters to this land about the same time, which land in a day or two was conveyed by this deed to John L. McCalla; they divided up the estate of their father in this way. Witness lives with his sisters, and Hugh lives on a piece of the land. His sisters told him, when they were discussing the making of the deeds distributing the estate of his father, to go ahead and act for them, and if necessary, to make the deeds. Witness, his sisters and Hugh knew that John L. borrowed money on the land so conveyed to him, but none of them, so far as witness knows, ever got any of the money. Sometime after he had signed his sisters' names to the deed, he told them of it and they said nothing. He always thought he had the right to sign their names, and never heard of any complaints until after the death of John L. McCalla. Sparks testified substantially to the same effect as Robert McCalla, concerning the circumstances of the signing of the deed in question. He did not remember whether they came to his house more than once or not. The claimants never came there to sign any deeds. The claimants testified that none of them ever signed a deed to J. L. McCalla to the land in dispute. They never authorized any one to sign their names to any deed conveying land to J. L. McCalla, except fifty acres which their family understood he was to have during their father's life. They authorized R. H. McCalla to sign their names to a deed conveying to J. L. McCalla fifty acres of lot 219, which belonged to their father during his life and which they all knew he intended to give to J. L. McCalla.

The motion for new trial alleges that the verdict is contrary to law and evidence, and assigns error upon the following instructions in the charge of the court: "If the claimants authorized R. H. McCalla to convey the land claimed by them to John L. McCalla, verbally, and he did so, and John L. McCalla then conveyed it to the plaintiff and borrowed money upon it, they were bound by it, and you should find for the plaintiff. If R. H. McCalla deeded the land claimed to J. L. McCalla, and the claimants afterwards ratified it, they were bound by it, and you should find for the plaintiffs."

Error is further assigned on the refusal to charge as follows: "The authority to another to make a deed to land in this State must be in writing, and if R. H. McCalla, at the time he signed the names to the deed of the claimants to J. L. McCalla, had no authority in writing, the deed is void and did not pass any title to J. L. McCalla, and you would find for the claimants. If the claimants did not ratify the acts of R. L. McCalla in signing their names to the deed to J. L. McCalla to the land claimed, in writing, then it was no ratification. If the claimants were in possession of the land claiming it as their own, this was notice that they claimed the property."

C. J. THORNTON, B. H. WALTON and H. C. CAMERON, for plaintiffs in error.

J. H. WORRILL and L. L. STANFORD, contra.