20344. NATIONAL PECAN GROVES COMPANY *v.* REDMOND.

STEPHENS, J. 1. Where an agent employed by a corporation which is engaged in agricultural pursuits hires servants and employees to work upon the principal's lands, and discharges them, and rides over the lands, giving the employees instructions from time to time as to how the work is to be performed, and attends to the gathering of the crops of the corporation raised on the lands, the inference is authorized that the principal has knowledge of the agent's act, and that the agent has authority from his principal to perform the duties mentioned, and that it is within the apparent scope of the agent's authority to hire, for and in behalf of his principal, an overseer for the corporation's lands.

2. Although the agent's actual authority may not include any of the duties mentioned, but is limited to the duties of having charge of the records and the office of the corporation, the inference is authorized that the duties which the agent actually performed on the lands of his principal were performed with the principal's knowledge, and it is nevertheless within the apparent scope of the agent's authority, as agent for the corporation, to hire, for and in behalf of his principal, an overseer for the corporation's lands. A person who, when dealing with the agent, in making a contract by which he is hired as overseer for the corporation's lands, is without knowledge of the limitation of the agent's authority

is not bound to take notice of the limitations upon the agent's authority.

3. Where a person employed as an overseer of a farm or plantation for a term of one year has, before the expiration of the term, been discharged, his acceptance afterwards of a check from the employer in the amount of his wages earned before the discharge, which recites on its face that it is "for salary in full to date," does not constitute an agreement by the employee to accept the sum paid in full settlement of any claim which he may have against the employer for damages for a breach of the contract arising out of the employer's discharge of the employee before the expiration of the term. The check's having been drafted by the employer, the provision therein relative to any settlement between the parties must be most strongly construed against the employer, and, on an application of this rule, the provision in the check, that it is "for salary in full to date," must be construed as having reference to the amount due the employee only for past earned salary while in the employ of the employer, and not as having reference to damages for a breach of the contract, which do not constitute money due as salary or for services actually performed.

4. This being a suit by such an employee against the employer to recover damages for an alleged breach by the defendant of the contract of employment, by a discharge of the plaintiff before the expiration of the term, evidence of the transactions narrated above in paragraph 1 was properly admitted. *Foster* v. *Jones*, 78 *Ga.* 150 (1 S. E. 275); *Comer* v. *Foley*, 98 *Ga.* 678 (25 S. E. 671); *Germain Co.* v. *Bank of Camden County*, 14 *Ga. App.* 88 (80 S. E. 302); *Martin* v. *Bridges*, 18 *Ga. App.* 24 (88 S. E. 747); *Bacon* v. *Dannenberg Co.*, 24 *Ga. App.* 540 (101 S. E. 699); 2 C. J. 580 et seq.

5. The evidence was sufficient to authorize the verdict found for the plaintiff, and no error of law appears in the admission or exclusion of testimony. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1931.

*W. W. Dykes,* for plaintiff in error. *Hollis Fort,* contra.