## 32431. HUBERT REALTY COMPANY *v*. BLAND

Decided May 21, 1949.

*Miller & Head,* for plaintiff.

*Hal Lindsay, Joseph E. Buffington, Edward E. Dorsey, Travers Hill,* for defendant.

FELTON, J. ■ While the contract was void and unenforceable because the provision for the first mortgage of $9000 did not definitely provide how the payments were to be made, whether monthly, annually, semi-annually, or quarterly (*Crawford* v. *Williford,* 145 *Ga.* 550, 89 S. E. 488), the overruling of the general demurrer to the petition necessarily adjudicated that the contract was definite and enforceable, and the ruling, unexcepted to, became the law of the case.

■ Whatever may have been wrong with the defendant's answer and counterclaim, it alleged that the plaintiffs received his money under a contract which was executed without written authority from Mrs. Dobes and had paid one-half of it to Mrs. Dobes and retained the other half. The contract does not provide that any of the earnest money be paid to a seller even if a buyer defaults. It provides that it be retained by the broker to apply on commissions. The suggestion that it be divided between seller and broker is printed matter on the back of the contract and is not a part of the contract in fact or by reference within the contract, and the suggestion is not followed by any signatures or anything else which would incorporate it into the contract. Authority to execute a contract required by the statute of frauds to be in writing must also be in writing. *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48); Code, § 4-105; *Blanchard & Calhoun Realty Co.* v. *Comer,* 185 *Ga.* 448 (195 S. E. 420); *Radcliffe* v. *Jones,* 46 *Ga. App.* 33 (166 S. E. 450). A mere effort to ratify orally, as shown by the evidence, will not suffice. *McCalla* v. *American Freehold &c. Co.,* 90 *Ga.* 113 (15 S. E. 687); *Palmer* v. *McNatt,* 97 *Ga.* 435 (25 S. E. 406); *McMichen* v. *Brown,* 10 *Ga. App.* 506 (73 S. E. 691). The evidence demanded the verdict for the defendant because, assuming that the contract sued on

was valid and binding on its face, the plaintiffs' rights must stand or fall on the contract set up by them, and there was no evidence that the husband had authority in writing to execute the contract nor that it was ratified in writing nor that the defendant had notice thereof and by his subsequent conduct was estopped to deny the validity of the same.

■ The contention that the property was partnership property and that Dr. Dobes could contract for the sale thereof is without merit. Conceding, but by no means deciding, that the property was partnership property, there was no purported contract in the name of the partnership. Only Mrs. Dobes' name was signed as principal. Dr. Dobes undertook to sign only as agent. Furthermore, a partner, while all other partners are living, can only convey title by deed to his own individual interest in the partnership property. *Baker* v. *Middlebrooks*, 81 *Ga.* 491 (8 S. E. 320), and cases cited. See also *Anderson* v. *Goodwin*, 125 *Ga.* 663 (54 S. E. 679); *Cottle* v. *Harrold, Johnson & Co.*, 72 *Ga.* 830; *Bank of Southwestern Georgia* v. *McGarrah*, 120 *Ga.* 944 (48 S. E. 393); *First Nat. Bank of Gainesville* v. *Cody*, 93 *Ga.* 127, 155 (19 S. E. 831); *Emmett & Co.* v. *Dekle*, 132 *Ga.* 593 (64 S. E. 682). If a partner cannot legally deed more than his own interest under such circumstances, it follows that he cannot legally contract to do so.

■ It was not error to refuse to admit testimony of Mrs. Dobes to the effect that she orally ratified the execution of the contract. It was not proposed by the plaintiffs to prove that the defendant knew of the ratification and committed any act which would have estopped him from contending that there was no ratification. See cases cited in division two of this opinion.

■ It was not error to refuse to admit in evidence a copy of an orginial power of attorney from Mrs. Dobes to Dr. Dobes, when there was no effort to account for the original or to show why it was not produced. There was no evidence that it had been lost or destroyed.

■ The power of attorney executed subsequently to the execution of the contract here involved did not have a retroactive effect, in the absence of such intention expressed therein as to the contract. There is no merit in any of the other grounds of the amended motion.

The court did not commit harmful error in overruling the demurrers to the answer and counterclaim, and did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*