# FERGUSON *v.* CARTER.

No. 17461.   Argued May 14, 1951—Decided June 11, 1951.

*Luther C. Hames Jr., Smith, Kilpatrick, Cody, Rogers & McClatchey,* and *Sidney Haskins,* for plaintiff in error.

*Willingham, Cheney, Hicks & Edwards,* contra.

DUCKWORTH, Chief Justice. Where an agent without authority to execute a sealed instrument signs a contract under seal for his principal, the latter is not bound unless ratification thereof be also under seal. *Rowe* v. *Ware,* 30 *Ga.* 278; *Pollard* v. *Gibbs,* 55 *Ga.* 45; *McCalla* v. *American Freehold Co.,* 90 *Ga.* 113 (15 S. E. 687); *Overman* v. *Atkinson,* 102 *Ga.* 751 (29 S. E. 758); *Lynch* v. *Poole,* 138 *Ga.* 303 (75 S. E. 158). And this is true notwithstanding the contract executed is not required to be under seal. *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403 (107 S. E. 327); *Neely* v. *Stevens,* 138 *Ga.* 305 (75 S. E. 159). However, the plea here is not based on the contractual obligation alone, as it alleges facts showing performance of the contract to the detriment of the pleader and to the benefit of the plaintiff, and these allegations are sufficient to invoke the doctrine of estoppel. See *Fidelity & Deposit Co.* v. *Nisbet,* 119 *Ga.* 316 (46 S. E. 444); *Lynch* v. *Poole,* 138 *Ga.* 303, 305 (supra); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *DeVore* v. *Baxter,* 155 *Ga.* 109 (116 S. E. 610); *National Land &c. Co.* v. *Zugar,* 171 *Ga.* 228 (155 S. E. 7); *Duncan* v. *Beasley,* 174 *Ga.* 28 (161 S. E. 829). There was testimony supporting the plea; therefore the court erred in excluding the instrument, not because it was a valid contract but because it was admissible to state the agreement as made; and, having accepted performance by the other party, the defendant in error was estopped from denying its validity. In *Walker* v. *Reese & Co.,* 110 *Ga.* 582 (35 S. E. 771), where an answer to an action set up a plea of accord and satisfaction, based upon specified acts, but the evidence failed to establish this defense—although it did prove an accord and satisfaction of a different character—a verdict in favor of the plea was unauthorized. But there the consideration shown by

the evidence was different from that shown by the plea. Here the plea is not based merely on the contractual obligation alone, but it further alleges full performance thereof by the defendant, accepted by the plaintiff, and she admits receiving and now holding money paid to her in performance of the contract. It follows that the satisfaction alleged is the same satisfaction that was proved, and the court erred in failing to grant the motion for new trial, as there was error in directing the verdict for the plaintiff and in excluding the agreement from the evidence.

*Judgment reversed. All the Justices concur, except Hawkins, J., who is disqualified.*