**I. T. COHEN, Appellant,**

v.

**The PULLMAN COMPANY, Appellee.**

No. 16414.

United States Court of Appeals
Fifth Circuit.

April 22, 1957.

Joshua Jacobs, Cohen, Roberts & Kohler, Atlanta, Ga., for appellant.

Hugh Howell, Sr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was in fraud and deceit for the recovery of $12,500, alleged to have been paid by plaintiff as commissions in reliance upon defendant's verbal promise to sell plaintiff 28½ acres in Atlanta, Georgia, with the buildings, structures, etc. thereon, together with $25,000 exemplary damages.

The claim was that the promise was made by defendant with the fraudulent purpose and intention not to comply with it, and that, for having so made it, defendant is liable to plaintiff for the sum sued for.

The defenses, subject to a motion to strike the pleading and a motion for summary judgment, because on its face the petition shows that the claimed agreement is in violation of the statute of frauds in Georgia, Sec. 20–401,[1] were denials of the facts pleaded and the claims made.

Thereafter, plaintiff having, at the suggestion of the court, made a statement in writing:

"1. Plaintiff states that there are no written instrument, documents, memoranda or other writings which can prove the terms of an agreement between plaintiff and defendant for the sale of real property, which would be necessary to satisfy the Statute of Frauds, if this were an action for the enforcement of such a contract.

"2. Plaintiff further states that this is a tort action for fraud and deceit, based on misrepresentation by defendant of a fact, which misrepresentation was relied on by plaintiff to his detriment. Plaintiff is not relying on a contract action, and is not claiming that he could recover on a breach of contract action.

---

1. Georgia Code 20–401
   "20–401 (3222) Obligations which must be in writing.—To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz:
   "1. * * *
   "2. * * *
   "3. * * *
   "4. Any contract for sale of lands, or any interest therein, or concerning them."

"3. Plaintiff contends that the Statute of Frauds has no application to his tort cause of action based on fraud and deceit, and that evidence in writing of any contract is not a prerequisite thereto.

"4. Plaintiff further contends that as a matter of law, defendant who made a promise with no intention of keeping it at the time it was made is liable to plaintiff for damages caused by plaintiff's reliance, and that the Statute of Frauds is inapplicable thereto."

and defendant having replied thereto, the district judge, for the reasons stated by him,[2] granted defendant's motion for summary judgment, and plaintiff has appealed.

Pointing out that he is not suing in contract for damages for the breach of an oral contract to sell real estate, but in tort for the damages sustained by him as a result of his reliance on appellee's fraud and deceit in making a promise to sell which when he made it he did not intend to perform, and, citing Georgia cases in claimed support, appellant insists that under the law of Georgia, where the transaction occurred, recovery may be had for damages resulting from reliance on such a promise, though the Statute of Frauds would prevent a suit on the contract for its breach.

Appellee, vigorously opposing this claim, insists that the Georgia law is not so written and that what appellant is undertaking to do is in effect to create an additional exception to those set out in the Georgia statute.

Both parties agree that there is no Georgia case dealing, on the precise facts, with the precise question presented here:

"Can appellant maintain an action for fraud and deceit to recover the damages sustained by him as a result of his reliance upon appellee's oral agreement to sell real property upon proof that appellee had no intention to perform at the time it made the agreement?"

Both agree, too, that for the answer resort must be had to the general principles laid down by the Georgia courts in construing and applying the Georgia Statute of Frauds.

Appellant, citing Coral Gables Corp. v. Hamilton, 168 Ga. 182, 147 S.E. 494, and Floyd v. Morgan, 62 Ga.App. 711, 9 S.E. 2d 717, holding that, while it is true that generally there is no liability for a false promissory statement, it is also true that when a promise is made with no in-

2. "Defendant's motion for summary judgment is granted for the following reasons:

"Plaintiff is seeking damages upon the theory that defendant's agent came to Atlanta and in behalf of defendant made an oral contract to sell to plaintiff certain real estate belonging to defendant for the sum of $325,000. No written contract whatsoever was made between the parties and plaintiff therefore had no reason to believe that he had an enforcible contract to purchase the property from defendant.

"Under the Georgia statute of Frauds it is true that an oral agreement for the purchase of land is enforcible if the party seeking to enforce the same has written evidence by which he can prove the contract, but it is not enforcible otherwise.

"Before granting this motion for summary judgment the Court has inquired of plaintiff if plaintiff had, or has, any writing by which he can prove his contract, and received a negative answer.

"It may be that this court could take judicial cognizance of the fact that valuable real estate does not pass hands in this vicinity by oral agreement between the owner and a purchaser, but it is not necessary to take judicial cognizance of that fact.

"Before the plaintiff could have been misled into entering into a contract of purchase with defendant, not knowing that defendant did not intend to carry it out, causing plaintiff to go out and resell the property as alleged, it would be necessary that plaintiff have some reason to believe that he had an enforcible contract. But plaintiff was chargeable with knowledge of the laws of Georgia, where the agreement was made, and must have known that such an oral contract was not enforcible. Consequently plaintiff would not have been justified on the basis of such an oral contract, in employing a broker to resell the property for him."

tention of performance and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has an action by remedy or defense, professes to see in these cases authority for his claim that proof that an oral promise to sell real estate made with no intention of performing it, while not taking the contract out of the statute for the purpose of suit on it, will, as against the claim that the Statute of Frauds bars it, support an action in fraud and deceit for the damages sustained by plaintiff in reliance on the promise.

In further support of this contention, though appellant can cite no Georgia case where the Statute of Frauds was invoked and its application denied, he does cite cases from other jurisdictions,[3] some of which hold that, where there is a cause of action on a false promissory representation, the Statute of Frauds has no application.

Appellee, standing firmly on its position: that this is a Georgia case concerning Georgia property and is wholly controlled by Georgia law; and that Georgia cases construing and applying its Statute of Frauds uniformly require strict compliance with the statute in all cases but those falling within the three exceptions set out in Sec. 20–402, insists that no Georgia cases have been or can be found supporting appellant's view.

Appealing to general jurisprudence only for the basic principle that contracts which affect the title to realty are governed as to their validity by the law of the place where such realty is situated, 37 C.J.S. Frauds, Statute of § 3, p. 516, and affirming that, without a single exception, Georgia cases have applied the Statute of Frauds strictly, appellee cites, in support of its view, Lumpkin v. Johnson, 27 Ga. 485; Roughton v. Rawlings, 88 Ga. 819, 16 S.E. 89; Hubert Realty Co. v. Bland, 79 Ga.App. 321, 53 S.E.2d

691; and many others of similar purport.

As to the Georgia cases cited by appellant, it points out that in none of them was the question at issue here presented. They were simply cases of suits for fraud to which the Georgia Statute of Frauds did not apply or in which no claim that it did apply was made.

Insisting, therefore, that not a single Georgia case supports the contention of the appellant, while conceding that some of the cases, appellant cites and quotes from other jurisdictions do contain expressions supporting plaintiff's theory, appellee urges upon us; that none of them present the naked question presented here, whether, solely on the basis of an oral promise to sell a large piece of real property, a promise which the promisor did not intend to perform, an action in fraud may be brought; that all of them present situations appealing to equitable considerations where by analogy to suits for unjust enrichment or for overreaching, equity, as it has done in part performance or other equitable circumstances, finds reason to take the promise out of the statute.

Based upon these views, appellee confidently insists that the Statute of Frauds constitutes a good and valid defense in Georgia to an action laid in fraud and deceit, on the sole ground that plaintiff relied as a valid basis for his action upon an oral agreement to sell real property.

Pointing to the history of, and the reasons for, the enactment of the English Statute of Frauds and the corresponding American Statutes, appellee quotes from Sec. 108 "Effect of Statute of Frauds on Tort Action", 23 Am.Jur., at pp. 889 and 890:

"There are apparently few authorities directly on the subject of maintainability of an action for fraud

---

**3.** Burgdorfer v. Thielemann, 153 Or. 354, 55 P.2d 1122, 104 A.L.R. 1407; Charpentier v. Socony-Vacuum Oil Co., 91 N. H. 38, 13 A.2d 141; Schenley Distillers

Corp. v. Renken, D.C., 34 F.Supp. 678; Schleifer v. Worcester North Savings Institution, 306 Mass. 226, 27 N.E.2d 992; Restatement: Torts S 530, comment b.

or deceit predicated upon an oral promise within the statute of frauds or upon the transaction of which the oral contract was a part, although there are many cases bearing indirectly or argumentatively upon it. * * * It has been stated that the mere refusal to perform such oral promise is not of itself a fraud for which an action will lie, since in such case the promisor has not, in a legal sense, made a contract, and hence has the right, both in law and in equity, to refuse to perform. * * * "

So quoting, it urges upon us that, though the text does go on to state:

"If the oral agreement which is void under the statute of frauds is made with the intent not to perform, a different question arises. Assuming that fraud may be predicated on an oral promise made with the intention at the time not to perform, the fact that the oral promise is unenforceable under the statute of frauds does not preclude the showing of the promise in an action for deceit." citing Burgdorfer v. Thielemann, 153 Or. 354, 55 P.2d 1122, 104 A.L.R. 1407 in support.

a close examination of the cases bearing upon the subject shows no case exactly like this one, where the sole ground of the suit is a naked allegation that a promise to sell real estate was made without intention to perform it.

Finally, it relies on and quotes from Canell v. Arcola Housing Corp., 65 So.2d 849, 851, in which the Supreme Court of Florida, meeting the question squarely and deciding it flatly against the contention of the plaintiff there, held:

"* * * Since the provision in the statute prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract, 'an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.'

25 R.C.L. 691. See also Dung v. Parker, 52 N.Y. 494. Although some courts have reached the contrary conclusion, 49 Am.Jur. p. 841; 23 Am.Jur. p. 889; anno. 104 A.L.R. 1420, we think that on the facts of the case under consideration the rule quoted above is best calculated to uphold the theory upon which the statute of frauds is founded, in accord with the principle that so long as the statute can be made to effectuate its purposes, courts should be reluctant to take cases from its protection. Yates v. Ball, 132 Fla. 132, 181 So. 341."

A careful consideration of the principles which lie back of and give force and meaning to the Statutes of Frauds of the several states, in the light of the authorities cited by both sides and discovered by us, leads us to the firm conclusion: that plaintiff's pleading and admission in this case brings it well within the mischief which the Georgia Statute of Frauds was designed to meet; and that if we were to hold, as appellant asks us to do, that an action for damages could be based on the mere allegation that an oral promise to sell land was made without an intention to perform it, we would thereby thwart its basic purpose of preventing the subjection of real property to the jeopardy and hazard of oral agreements and would defeat and bring to naught the remedy for the very mischief the statute was enacted to provide against with no Georgia case to support our doing so.

Whatever might be said in favor of the view advanced in some of the cases appellant cites, of relaxing the binding rule of the statute on equitable grounds where, in addition to a false promise to sell property, there are circumstances showing that an inequitable advantage has been taken of the plaintiff with a resulting unjust enrichment of defendant, no sound reason, in the absence of positive Georgia decisions or at least decisions from that state pointing in that direction, can, we think, be put forward for holding that a naked claim, as here, upon an oral promise to sell real

estate, can be saved from the prohibitions of the statute by the simple device of merely alleging that the promise was made without the intention to perform it. The whole purpose of the statute is to prevent persons from being enmeshed in and harassed by claimed oral promises made in the course of negotiations not ending in contracts reduced to writing as required by these statutes.

The Georgia decisions appellant cites, holding that fraudulent representations are actionable upon proof that they were made without any intention of performing them, do not deal with or even refer to the Statute of Frauds. Indeed the case on which appellant mainly relies, Floyd v. Morgan, supra, while referring to and quoting from Sec. 530, Restatement of the Law of Torts, significantly refrains from referring to or quoting from the statement in the comment, "If the agreement is unenforceable because it is not in the required form, as where it is oral and as such made unenforceable by Statute of Frauds, the only remedy to the recipient of the misrepresentation is under the rule stated in this section".

The authorities standing thus, for this court to allow the statute to be thus frittered away would, we think, do violence to the settled principles which in Georgia should and do control such situations. In an analogous case from that state, Home Insurance Co. v. Tanner, 5 Cir., 220 F.2d 41, this court upon full consideration held that, under Sections 56–213 and 56–801, requiring contracts of insurance to be in writing, a suit on an oral promise of insurance claimed to have been fraudulently made could not be enforced in the face of the statute and the decisions of Georgia courts strictly requiring that insurance contracts must be wholly in writing and not partly in parol. J. T. Knight & Son v. Superior Fire Ins. Co., 5 Cir., 80 F.2d 311; Aronoff v. United States Fire Ins. Co., 178 Ga. 97, 172 S.E. 59.

The judgment was right. It is affirmed.