20039. HOLLAND, for use, &c., *et al. v.* RIVERSIDE PARK ESTATES, INC., *et al.*

ARGUED APRIL 15, 1958—DECIDED MAY 7, 1958—REHEARING DENIED JUNE 4, 1958 AND JUNE 16, 1958.

*Haas, Holland & Blackshear,* for plaintiffs in error.

*Moise, Post & Gardner,* contra.

MOBLEY, Justice. The defendants assert a number of reasons in support of their contention that no binding contract was consummated between the purchaser and the owner of the realty, Riverside Park Estates, Inc. In our opinion the peti-

tion fails to establish an acceptance by the seller of the offer to purchase so as to effect a contract between the parties, and for this reason the trial court properly sustained the general demurrer to the petition.

As shown in the statement of facts above, the offer submitted by petitioner provided that the offer would be open for acceptance by the seller until 3 p.m. on July 5, 1957, "by which time written acceptance of such offer must have actually been received by the purchaser," and that "upon receipt of written acceptance by the purchaser within the time specified then this instrument shall become a mutually binding contract between the parties." Under the allegations of the petition no written acceptance of the offer was actually received by the purchaser prior to 3 p.m. on July 5, 1957, or at any other time. While the petition alleges that Corkin orally agreed by telephone with Weyman that the offer should be accepted and authorized Sam Weyman to accept the same, aside from the requirement of the statute of frauds that contracts for the sale of land must be in writing, the offer itself required written acceptance, and any authority for Weyman to accept would have to be in writing. Code § 4-105; *Byrd* v. *Piha*, 165 *Ga.* 397 (141 S. E. 48); *Dover* v. *Burns*, 186, *Ga.* 19 (4) (196 S. E. 785). No written acceptance of the offer was ever placed in the hands of the purchaser by either Weyman or Corkin. Weyman's letter of July 2 merely notified Holland that "Your offer to purchase the Corkin property has been accepted," and further stated that "Signed contract will be forwarded to you shortly." This did not constitute placing a written acceptance of the offer in the hands of the purchaser. It was nothing more than a notice that the offer had been accepted, and the statement that "Signed contract will be forwarded to you shortly," indicates that this letter did not purport to be an acceptance of the offer, but on the other hand that the offer would be accepted by the signed contract.

The allegation that upon receipt of Corkin's telegram Weyman did in writing accept the written offer by dating, signing and executing the written acceptance quoted in the statement of facts above is of no consequence, because, in the first place, it was dated July 5, 1957, and notice of that as an acceptance could not

have been given in the letter of July 2, three days prior thereto, and secondly, the line over the word "Seller" is blank and the owner's name nowhere appears. The signature "Weyman & Company by Samuel M. Weyman," could amount to nothing more than an acceptance by him personally. Furthermore, it is not alleged that this purported written acceptance was ever delivered to the purchaser.

Written acceptance by the seller, or by an agent duly authorized to act for him, under the facts alleged has never been delivered to the purchaser, and therefore there has been no acceptance of the offer within the terms of the contract. The seller was authorized to rely upon the terms of the contract that there would be no mutually binding contract until written notice of his acceptance, when actually given, was placed in the hands of the purchaser. The seller did not himself deliver to the purchaser written acceptance of the offer nor did he authorize his agent Weyman to do so, and his agent Weyman did not actually do so.

There is no merit in the contention of the plaintiff in error that the seller by his silence ratified the acceptance of the contract by Weyman, because Weyman, as pointed out, never delivered an acceptance to the purchaser. There was no acceptance for the seller to ratify. The request by Weyman of the purchaser to pay an additional $9,000 to Weyman did not constitute an estoppel of the seller. The petition does not allege that Corkin or any other authorized agent of the owner of the property authorized or directed Weyman to secure this additional payment, or that the payment was made to the owner, or that the owner knew anything about it.

Since the petition failed to establish that there had been an acceptance of the purchaser's offer as provided by the terms of said offer, the trial court properly sustained the defendant's general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent because in my opinion the acceptance of the additional payment of $9,000 and its retention constitutes an estoppel as against the seller.