39197. VAUGHAN *et al.* v. OXENBORG.

DECIDED FEBRUARY 13, 1962.

*J. Ernest Palmour, John N. Crudup*, for plaintiffs in error.
*Huie, Etheridge & Harland, W. Stell Huie*, contra.

FRANKUM, Judge. ■ Although various special demurrers to the petition were overruled, this ruling is not argued in this court and will be treated as abandoned. Thus, the issue is whether the plaintiff has alleged any fraudulent act on the part of the defendants by which he has been damaged, and whether his petition shows the necessary elements of an action for damages resulting from fraud under *Code* § 105-301.

As stated in *Gaultney v. Windham*, 99 Ga. App. 800, 806 (109 SE2d 914): ". . . the plaintiff must allege . . . the following essential ingredients: (1) the defendant made the representations; (2) at the time he knew they were false (or what the law regards as the equivalent of knowledge, a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, *Code* § 105-302); (3) the defendant made the representations with the intention and purpose of deceiving the plaintiff; (4) the plaintiff relied upon such representations; (5) The plaintiff sustained the alleged loss and damage as the proximate result of their having been made; and (6), an element frequently omitted in the cases enumerating the essentials, 'want of knowledge by the party alleged to have been deceived that the representation was false. . .'" See also *Anderson v. R. H. Macy & Co.*, 101 Ga. App. 894 (115 SE2d 430); *Hill v. Stewart*, 93 Ga. App. 792, 795 (92 SE2d 829); *Cosby v. Asher*, 74 Ga. App. 884, 886 (41 SE2d 793); *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (3) (16 SE2d 176).

Fraud cannot consist in mere speculation about future performance which amounts to no more than puffing (*Williams v. Fouche*, 164 Ga. 311, 138 SE 580); but we are not here called upon to decide whether the representation that "the said corporation should become a profit-making organization" would in and of itself be fraudulent, since the decision need not rest

on this allegation. Likewise, actionable fraud will not result from misrepresentations which are immaterial, not relied upon, or which the plaintiff in the exercise of reasonable diligence should have ascertained to be untrue. Whether or not the alleged fraudulent misrepresentation concerning two existing units, which were represented by defendants to be yielding 30% to 35% profits in the City of Atlanta at the time plaintiff contacted the defendants, is subject to one or more of these defects also need not be decided; the allegations of such misrepresentations are at least proper as matters of inducement, and as we look at the petition it does not constitute the gravamen of the action.

"A promise to do a certain thing for the benefit of the promisee, made to induce his entrance into a contract, the promisee earnestly believing that he would receive the benefits consequent upon the fulfillment of the promise, when at the time of making the promise there was no intention on the part of the promisor to fulfill it, but on the contrary the promise was made with intent not to fulfill it and was uttered as a mere scheme or device to defraud, is such a fraud as will void any contract induced thereby." *Coral Gable Corp. v. Hamilton,* 168 Ga. 182 (8) (147 SE 494); *King Sales Co. v. McKey,* 104 Ga. App. 63, 67 (121 SE2d 48). Taking the petition as true, these defendants entered into a wilful and malicious conspiracy to defraud the plaintiff of more than $10,000, through the rather complicated media of their partnership, Rocket-Wash of Georgia, and a new corporation to be formed. They did this by representing that for approximately $20,000, Rocket-Wash of Georgia would procure for Mel Leasing Corporation twelve car-washing units and twelve leased locations for installing them, and, before the corporation was organized, the defendants falsely and fraudulently represented that the units had been ordered and the locations leased, both of which representations were false; they further represented that, if the plaintiff would put up $10,000 to finance the corporation, they would also put up $10,000. The promise was false and, when made, the defendants had no intention of fulfilling it; the defendants did place $10,017.60 in the corporation, but the money was the plaintiff's money, which was obtained from funds that Mel Leasing Corporation turned over to the defendants'

partnership to purchase the wash units, and which the defendants withdrew from the partnership and placed in their own bank accounts to cover the checks they had issued to the corporation. The allegation that the corporation is defunct and the stock is worthless is sufficiently supported by allegations showing that the defendants withdrew all of the funds from the corporation's bank account, which constituted all the assets of the corporation. The argument that the plaintiff has not shown any damage to himself is entirely without merit. If his stock is worthless due to the fraudulent practices and misrepresentations of the defendants, he has been damaged in the amount he was induced to invest in the formation of the corporation.

■ Defendants contend that the plaintiff's proper remedy is by a minority stockholder's action under *Code* § 22-711 et seq. The right of minority stockholders to invoke the aid of equity to interfere with the internal affairs of a corporation in order to prevent ultra vires, fraudulent, or oppressive acts under this Code section, is based upon the case of *Alexander v. Searcy*, 81 Ga. 536 (8 SE 630, 12 ASR 337), and deals with situations in which the management of an active corporate entity is put in question. This is different from a situation where one is, by the fraud of another, induced to invest in a corporation the stock of which is worthless. As stated in *Stewart v. Rutherford*, 74 Ga. 435, 438: ". . . as the complainant in equity [plaintiff], asks that he may get his money back out of the land in which he was fraudulently induced to put that money, by virtue of a corporation into membership in which complainant was inveigled. The fraud is not a fraud of certain existing stockholders committed upon another, also already a member, nor is it a fraud by a corporation in existence upon one of its stockholders; but it antedates the existence of the corporation. It attacks the very contract which made the corporation, put into operation, and furnished the means to buy the thing to be operated upon, and the tools by which that thing, the mineral lots of land, was to be worked by the corporation to be afterwards created. One man, or a set of several men, can no more swindle and cheat another out of his money in order to make a corporation and set it to work, than

he or they could cheat and swindle him into any other contract or about any other thing. There is no such sanctity about a corporation that a natural person should be induced fraudulently by certain other natural persons to apply for this artificial person with them to be created by the State, and yet have no relief against those who thus cheated him, because the result of the cheating was success in creating the entity called an artificial person or a corporation." To the same effect see *Georgia Portland Cement &c. Co. v. Jackson*, 143 Ga. 84 (84 SE 461); in both of these cases a right of action was alleged against persons fraudulently inducing the plaintiff to organize or invest in corporate business jointly with them.

■ The defendants further contend, however, that, since the holdings in the *Searcy* and *Rutherford* cases, supra, are merely to the effect that one who has been fraudulently induced to invest money in a coroporation has a remedy in equity, it follows that an action at law such as this (the City Court of Hall County having no equitable jurisdiction) cannot proceed. Plaintiffs in error, however, have cited no authority for this conclusion, and we can find none. Whether a petition is legal or equitable in nature is determined by the relief prayed for. *Fowler v. Davis*, 120 Ga. 442 (47 SE 951). Courts of law and courts of equity have concurrent jurisdiction over fraud cases. *Griffin v. Sketoe*, 30 Ga. 300; *Seabrook v. Underwriters Agency*, 43 Ga. 583; *Code* § 105-301. In both the *Searcy* and *Rutherford* cases, supra, the prayers were such that equitable relief was invoked; in this case the plaintiff seeks only a money judgment. Such a case sounds in law and not in equity. *Patterson v. Correll*, 211 Ga. 372 (86 SE2d 113).

The trial court properly overruled the general demurrers to the petition.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*