### 43412. ATLANTA BILTMORE HOTEL CORPORATION v. MARTELL.

WHITMAN, Judge. This case was appealed by the defendant below, the Atlanta Biltmore Hotel Corp. (hereinafter called the "hotel") from the denial of its motion for summary judgment. Fred (Freddie) Martell brought the suit against the hotel for damages for an alleged breach of a written contract of employment. In overruling the motion for summary judgment, the trial judge certified that the order should be subject to direct appeal pursuant to the provisions of the Civil Practice Act (*Code Ann.* § 81A-156 (h); Ga. L. 1966, pp. 609, 660).

Some of the terms of the contract are set forth in *Martell v. Atlanta Biltmore Hotel Corp.*, 114 Ga. App. 646 (152 SE2d 579), wherein this court held that the plaintiff's petition, as against certain demurrers, stated a cause of action.

On this appeal the enumerations of error are all addressed to the order overruling the motion for summary judgment. In particular the enumerations are that the pleadings, affidavits and depositions show there to be no genuine issue of material fact with regard to both counts of the petition and that the hotel is entitled to judgment as a matter of law.

Count 1 of the petition proceeds upon the theory that the hotel's operations manager, who allegedly signed the contract, had authority to do so on behalf of the hotel. Count 2 proceeds upon the theory that the action of the operations manager was ratified by the hotel. *Held:*

1. The contention of the hotel with regard to Count 1 is that in order for an agent to bind his principal on a contract which is required by the Statute of Frauds to be in writing, the agent's authority must also be in writing. The principle invoked is the so-called "equal dignity rule" and springs from the following statute:

"The act creating the agency shall be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency shall be created. A corporation may create an agent in its usual mode of trans-

acting business and without its corporate seal." *Code Ann.* § 4-105.

This Code section was interpreted in *Byrd v. Piha,* 165 Ga. 397, 402 (141 SE 48) as follows: "We are of the opinion that the proper construction of this section is that agencies for the execution of agreements which are required to be made by principals to be in writing, must be created by written authority. Otherwise, the purpose of the Statute of Frauds, which is to prevent frauds and perjuries, would be virtually done away with." Likewise see *Terry v. Kean,* 180 Ga. 627 (180 SE 135); *Holland v. Riverside Park Estates,* 214 Ga. 244 (104 SE2d 83); *Hubert Realty Co. v. Bland,* 79 Ga. App. 321 (2) (53 SE2d 691); *Nalley v. Whitaker,* 102 Ga. App. 230 (2) (115 SE2d 790); *Spiegel v. Hays,* 103 Ga. App. 293 (119 SE2d 123). Cf. *Harris v. Barnes,* 100 Ga. App. 412 (5) (111 SE2d 147).

2. However, it is also the law in this state that while a written instrument may have been executed by an agent not having any authority in writing to do so or not having been ratified by an act of comparable dignity, the principal may nevertheless be estopped by his acts from denying the authority of his agent. *Ferguson v. Carter,* 208 Ga. 143 (65 SE2d 600); *McCalla v. American Freehold &c. Co.,* 90 Ga. 113 (3) (15 SE 687); *Morris v. Battey,* 28 Ga. App. 90 (110 SE 342).

"The authority of an agent in a particular instance need not be proved by an express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has. *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88 (80 SE 302); *Patterson v. Southern R. Co.,* 41 Ga. App. 94 (1) (151 SE 818)." *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816). See also *National Pecan Groves v. Redmond,* 42 Ga. App. 712 (157 SE 536).

According to the evidence presented, Boyle, the operations manager who signed the contract for the hotel, had no *written* authority from any officer, director or employee of the hotel. But it was also established that his duties were to oversee the day to day operation of the hotel, and that he did have au-

174

thority to sign employment contracts with entertainers on forms supplied by the American Guild of Variety Artists, an entertainers' union which had an agreement with the hotel; that Martell, prior to the alleged contract in question, had worked for the hotel in a capacity which included the procurement of entertainers for the hotel; and that in this capacity Martell had customarily presented the short-term contracts of the entertainers to Boyle for approval. Under these facts it might be said that Martell, by virtue of his previous employment with the hotel and association with Boyle, was aware of the limitations on Boyle's authority. But a jury might also conclude that Boyle was cloaked with the apparent authority to execute the employment contract with Martell. In our view there is a genuine issue of fact as to whether Boyle did have the apparent authority to execute the contract and there was no error in denying the hotel's motion for summary judgment.

3. The evidence also shows that Martell and the general manager of the hotel, D. O. Buesse, executed several "supplemental" contracts. The last action in this regard consisted of the execution of two papers on the same day, September 10, 1962. One of the papers was an American Guild of Variety Artists form contract providing that Martell was to perform for the "run of the show . . . 6 days weekly . . . 2 shows daily, commencing on September 15, 1962." This instrument also provides that: "This contract including all options may not exceed one year." The other paper, a memorandum on hotel stationery, says: "It is hereby agreed and understood that the undersigned Artist, Freddie Martell, will continue under the same provisions of the A.G.V.A. Standard Form of Artist's Engagement Contract dated May 15, 1959, No. 071435, with the following to be incorporated into said contract:" Then are set forth provisions relating to salary and the withholding of state and federal taxes.

The May 15, 1959, contract above referred to is the contract sued upon and purports to be a six-year contract with an option in Martell to renew for an additional year. The September, 1962, form contract and the other paper memorandum on hotel stationery of date September 10, 1962, are obviously in conflict as to whether the obligation of Martell was not exceeding one year or whether it was one to be governed by the original May 15, 1959, contract. This conflict will be

resolved by determining which provision was executed first in point of time. It is a cardinal rule in the construction of contracts that in the event of an irreconcilable conflict in provisions thereof, the provision first set forth in the contract prevails. *Whitney v. Hagan,* 65 Ga. App. 849, 851 (16 SE2d 779). This principle would apply to the present situation. A jury must make the determination in this instance as to which provision was prior in time.

Thus far in this division we have assumed the basic validity of the contracts. However, a more fundamental question is whether Buesse had authority from the hotel to contract with Martell. The question is the same as that presented with regard to Boyle which has been discussed in Divisions 1 and 2. The evidence is that Buesse, like Boyle, had no written authority to execute employment contracts; that he had no authority to ratify the May 15, 1959, contract; and that even if he did, his ratification was ineffective because he had no *actual* knowledge of the terms of the contract. However, the evidence also shows that Buesse was general manager of the hotel with broad authority, superior to that of Boyle as operations manager, and that he had assumed Boyle's duties when Boyle resigned. There is a genuine issue of fact presented as to whether Buesse had the apparent authority to contract for the hotel on a long term basis with Martell. There was therefore no error in denying the hotel's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued February 5, 1968—Decided July 16, 1968.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., C. R. Ellington,* for appellant.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Frank B. Strickland,* for appellee.