### 53707. WILLIAMS et al. v. SOUTHLAND CORPORATION.

SMITH, Judge.

Appellants sued the Southland Corporation for fraud, for breach of an oral contract, and for specific performance of a written contract. The trial court granted appellee's motion for summary judgment as to all three counts. Appellant has abandoned the count for specific performance and appeals the granting of summary judgment as to the counts for fraud and breach of the oral contract. Finding that it was error to grant summary judgment as to those two counts, we reverse.

In 1972 and 1973 Southland performed two oral contracts it had made with appellants through Pete Overton, Southland's real estate manager in charge of the development of 7-11 stores. First of all, Overton promised appellants that, if they acquired a specific piece of property in Jonesboro and had it rezoned for commercial use, Southland would buy the property from them; this deal was consummated as agreed. Secondly, again in furtherance of Southland's quest for development of 7-11

stores, Overton promised appellants that, if they bought certain property on the Flint River, had it properly zoned and built a store on it, Southland would lease the property from appellants. In consummation of this agreement, Southland, through Overton, signed a twenty-year lease on the newly constructed store, with appellants' association as landlord.

After Southland moved into the Flint River store, Overton requested of appellants that they buy a piece of property located on Boy Scout Road in Chattanooga, Tennessee, and sell it to Southland. Overton asked the appellants to buy the Boy Scout Road property, the property in issue in this case, for the reason that they could probably acquire it for a much lower cost than could his corporation. He assured appellants that Southland would buy the property from them at a price which would reimburse them for the interest they had paid and the rent they had lost due to Southland's delay in occupying the Flint River store. In reliance upon these representations appellants agreed to Overton's proposition, and on January 2, 1974, they entered into a contract to purchase the Boy Scout Road property from Mr. and Mrs. William K. Friar for $17,500. On February 12, 1974, appellants and Overton, on behalf of Southland, entered into a written contract for the sale of the property to Southland for $23,000. Then, on February 25, 1974, as a result of Overton's further assurances that Southland's division manager had rendered final approval of the property and that Southland would definitely buy, appellants bought the Boy Scout Road property from the Friars. Southland has refused to purchase this property from appellants.

1. Appellants alleged in their complaint that Southland had twice agreed to buy the Boy Scout Road property from them, once by the written contract of February 12 and once by oral contract. They further alleged that at the time of entering into these contracts Southland fraudulently represented it had the intent to perform, an intent which it never actually possessed, and that, in purchasing the property and being unable to sell to Southland, they relied to their detriment on the fraudulent representation. Southland did not conclusively disprove that, through its agent, it had

perpetrated a fraud upon appellants, and it was therefore error to grant Southland's motion for summary judgment.

It was undisputed that Overton was the employee of Southland throughout the events involving the Boy Scout Road property and that Overton had represented Southland on at least two similar deals with appellants, which were comsummated. This evidence tends to establish that, on the basis of his status as an apparent agent, Southland was responsible for the acts and representations by Overton in reference to the Boy Scout Road property. *Folsom v. Miller,* 102 Ga. App. 232 (116 SE2d 1). Under this doctrine of apparent agency Southland would be estopped from asserting that Overton lacked the requisite written authority to enter into contracts for the sale of land. *Atlanta Biltmore Hotel Corp. v. Martell,* 118 Ga. App. 172 (162 SE2d 815). It was not disputed that Overton signed the February 12 contract in the capacity of Southland's vice president; too, Overton testified by affidavit that he had orally repeated the promise that Southland would buy the land.

Southland is correct in asserting that the mere breach of a contract does not amount to a fraud. However, Southland nowhere conclusively negates that at the time it contracted to buy the property it possessed the intent not to perform, and such an intent suffices as an element of a cause of action in fraud. *Vaughan v. Oxenborg,* 105 Ga. App. 295 (124 SE2d 436). In fact, the record shows that Southland, through Overton, had been party to commitments similar to the one alleged, but with other developers, and that those deals had fallen through likewise. It was uncontradicted that appellants paid the Friars $17,500 for the Boy Scout Road property and that Southland has refused to buy the property from them. In light of the questions of fact remaining as to each element of appellants' claim that Southland fraudulently induced them to delay to their detriment, it was error to grant summary judgment.

2. We also agree with appellants' contention that the trial court erred in granting summary judgment for Southland on the claim that the promises and assurances made by Overton on behalf of Southland constituted an oral contract obligating Southland to buy the property

and that Southland breached that contract by failing to buy. Southland contends that there can be no recovery for breach of any oral contract because the merger clause included in the written contract signed by appellants bars the introduction of parol proof of an oral contract. This argument is without merit because, if appellants prove that Southland fraudulently induced them to enter into that written contract, it is voidable at appellants' election; the merger clause would thus be void, and parol evidence would be admissible. Code § 20-502.

The evidence indicates Overton promised appellants, both before and after the execution of the written contract, that Southland was going to buy the Boy Scout Road property from them. Overton represented that Southland wanted appellants to buy the property and sell to the corporation for two reasons: (1) appellants could acquire it at lesser cost than could the corporation, and the anticipated lesser price on resale would constitute a savings for Southland; and (2) when Southland bought the property it could reimburse appellants for money they had lost on the Flint River deal. Appellants relied on these representations and purchased the property, all the while anticipating the promised sale to Southland for $23,000. Appellants' purchase of the property under those circumstances constituted part performance sufficient to remove the Statute of Frauds as a bar to proof of the alleged oral contract. Code § 20-402 (3).

Nowhere did Southland conclusively prove that it did not breach a binding oral contract to buy the Boy Scout Road property. The trial court therefore erred in allowing Southland's motion for summary judgment as to that count.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

Argued April 4, 1977 — Decided July 14, 1977 — Rehearing denied July 29, 1977 —

*Driebe & Lawson, Charles J. Driebe, Eugene E. Lawson,* for appellants.

*Ervin, McCullough & Sherrill, John A. Sherrill,* for appellee.