61534. McCLURE v. THOMAS COOK, INC. et al.

Shulman, Presiding Judge.

Plaintiff appeals from the grant of defendant's motion for directed verdict. We reverse.

Desiring to travel to Europe on a tour, plaintiff contacted representatives of defendant-Thomas Cook, Inc., a travel agency. Plaintiff, who was 23 years old at the time these events took place, alleged that she was promised by defendant's representatives that her selected tour would include a cross section of age groups and that

one of defendant's agents told her that there would "absolutely" be young people her age on the tour. At one point prior to the time her tour was to begin, plaintiff contemplated changing tours but was dissuaded, she insists, by the promise of defendant's agent that there would be young people on her tour. The agent allegedly told plaintiff that the tour to which she considered changing would be comprised of elderly persons.

Plaintiff subsequently embarked on her tour of Europe but, after spending one night in Italy, returned to the United States upon discovering that all the persons on her tour were elderly — that there were no persons her age on the tour. Plaintiff thereafter brought the present action against defendant for fraud and breach of contract.

1. Defendant insists that the grant of a directed verdict in its favor was proper. Defendant asserts that plaintiff failed to set forth a claim for fraud, in that the statements upon which she allegedly relied concerning the presence of a cross section of age groups on the tour were merely promissory in nature as to future acts.

Even assuming that the complained of representations (or misrepresentations) constituted statements promissory in nature as to future acts, the plaintiff can nonetheless recover in fraud if she can show that the agents of defendant knew the representations were false when they made them, or that the agents made such statements recklessly without knowledge of their truth or falsity. See Code Ann. § 37-703. See also *Vaughan v. Oxenborg,* 105 Ga. App. 295 (1) (124 SE2d 436); *Williams v. Southland Corp.,* 143 Ga. App. 111(1) (237 SE2d 639); *Coral Gables Corp. v. Hamilton,* 168 Ga. 182 (8) (147 SE 494); *McCravy v. McCravy,* 244 Ga. 336 (2) (260 SE2d 52). Plaintiff alleged that defendant knew or should have known of the falsity of its representations. These allegations remain unrefuted by defendant. The trial court therefore erred in granting a directed verdict to defendant on plaintiff's claim of fraud on the ground that plaintiff could not recover for fraud based on a promise of a future act.

For the foregoing reasons, we refuse to hold that plaintiff's testimony substantiating what is set forth above failed to establish a prima facie claim for fraud. See *Hardy v. Gordon,* 146 Ga. App. 656 (247 SE2d 166), for the elements of fraud. A verdict in favor of defendant was, therefore, not demanded by the evidence. Issues of fact remain for jury resolution, rendering the grant of a directed verdict in favor of defendant improper.

2. Likewise, we find the trial court's grant of a directed verdict in favor of defendant on plaintiff's breach of contract allegation improvident.

The plaintiff established by her testimony that the representation that young people would be on her chosen tour (and

that she would have a roommate close to her age) was consideration for her to enter into the particular tour arrangement she selected. Plaintiff testified, however, that there were no people near her age on the tour. Inasmuch as agents of the defendant promised that a cross section of people, including young people, would be on the tour; and, since according to plaintiff's testimony all the other participants in the tour were elderly people, we refuse to hold that plaintiff failed, as a matter of law, to show a breach of contract or failure of consideration.

Nor can we agree with defendant's contention that the terms "cross section" and "young people" are too vague to constitute the terms of a contract. A cross section of people, in chronological terms, means a composite representation of age groups. A group made up solely of elderly people (in plaintiff's words, persons old enough to have had grandchildren her age) simply does not satisfy the promise or representation that the tour would be comprised of a "cross section." Nor is the term "young people" in the context of plaintiff's discussions with defendant vague, for it is clear that the term referred to people in appellant's age range.

It is true that appellant did not specify any particular number of "young people" or the distribution of the "cross section," but that does not dispel or undermine the fact that, according to plaintiff, she bargained for a cross section of people and young people participating as members of her tour and did not receive that bargained-for consideration. That being so, we find the grant of a directed verdict against plaintiff on her claim of breach of contract also error.

Since we are reversing the judgment of the trial court for the reasons stated above, we need not address the remaining enumeration of error advanced for reversal.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 5, 1981.

*H. Lane Young,* for appellant.
*Clay Porter, Douglas Dennis,* for appellees.