■ LEONARD J. BECK, Respondent, v. JAY MOTLER et al., Appellants, and NATIONAL BANK OF ORANGE AND ULSTER COUNTIES, Defendant.— Appeal from an order of the Supreme Court at Special Term, entered February 13, 1973 in Ulster County, which denied a motion by defendants for leave to amend their answers. The plaintiff, a stockholder in the defendant Gem Cadillac-Oldsmobile, Inc., alleges that he and his father were two-thirds stockholders in a predecessor corporation; that the defendant Motler bought out the interest of the other one-third stockholder; and that, pursuant to an oral agreement entered into in June, 1970, it was agreed to transfer the assets of the predecessor to the defendant Gem. As part of this new arrangement and in exchange for various other considerations, plaintiff alleges that he and defendant Motler agreed that each would be issued equal shares. The complaint further alleges that after formation of the corporation defendant Motler asserted that plaintiff was entitled to only 49% of the shares. Plaintiff seeks to establish that he is a 50% stockholder and to have stock certificates issued to that effect. Defendants answered by general denials, and moved for leave to amend their answers to raise affirmative defenses under sections 503, 504 and 505 of the Business Corporation Law and section 5-701 of the General Obligations Law. Although CPLR 3025 (subd. [b]) declares that leave to amend pleadings "shall be freely given", the matter nevertheless is one of judicial discretion (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.14) and where the

matter to be added by amendment is palpably insufficient, leave to amend should be denied (3 Weinstein-Korn-Miller, *supra*, par. 3025.15; see *Molino* v. *County of Putnam*, 30 A D 2d 929). Section 503 of the Business Corporation Law, particularly subdivision (b) on which defendants rely, declares that a subscription for shares "shall not be enforceable unless in writing and signed by the subscriber." This statute is clearly inapplicable, for it was designed to establish a defense to the enforcement of an oral subscription *by* a corporation *against* a subscriber (see generally, 1 Hornstein, Corporation Law and Practice, §§ 92, 248). Moreover, defendants do not dispute that plaintiff is in fact a shareholder, and such corporate documents as are contained in the record support this conclusion. Since plaintiff's status as a shareholder is not dependent upon a subscription, there is no merit in the contention that plaintiff is improperly seeking to enforce an oral subscription. Section 504 of the Business Corporation Law deals with the types of consideration with which shares may be paid for, and section 505 concerns pre-emptive rights to purchase additional shares. Neither provision is of any relevance to the case before us. Section 5–701 of the General Obligations Law, the Statute of Frauds, sets forth forms of agreement which are required to be in writing. Defendants emphasize subdivision 10, but upon reading that provision it is clear that it does not apply to one who has purchased a stock interest in a corporation, but rather to agreements to pay compensation for having negotiated such a purchase. Since plaintiff was a principal and not an agent seeking recompense, the statute is not a valid defense to any of the causes of action set forth in the complaint. Order affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Main and Reynolds, JJ., concur.