553 So.2d 756 (1989)
W.P. VERHAEGEN, Appellant,
v.
Rudy MONTIGNY, Paul Janssens, and Soft Art, Inc., a Florida Corporation, Appellees.
No. 89-00382.
District Court of Appeal of Florida, Second District.
December 15, 1989.
*757 Arnaldo Velez of Taylor, Brion, Buker & Greene, Miami, for appellant.
Lawrence A. Farese and Cathy S. Reiman of Cummings & Lockwood, Naples, for appellees.
LEHAN, Judge.
This is a suit for damages and other relief based upon an alleged failure by defendants to comply with the portion of an oral joint venture contract calling for the issuance and delivery of corporate stock to plaintiff. Plaintiff appeals from (1) the judgment for defendants entered upon the granting by the trial court of their motion for a directed verdict on the breach of contract count of the complaint; the basis for the judgment was that enforcement of the contract was barred by the statute of frauds, section 725.01, Florida Statutes (1985); (2) the judgment for defendants entered upon the granting by the trial court of their motion for a directed verdict on the fraud count of the complaint under section 517.301, Florida Statutes (1985); a basis for the judgment was that a fraud action cannot be founded upon a contract which is unenforceable by reason of the statute of frauds; and (3) the judgment upon the jury verdict in favor of defendants on their counterclaim containing various counts for money allegedly taken by plaintiff from a corporation formed pursuant *758 to the venture. We affirm in part, reverse in part, and remand.
As to (1), we do not agree with the trial court that the evidence clearly showed that the contract called for the establishment of an ongoing business which was necessarily intended to be performed in over one year and that, therefore, pursuant to Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986), the contract count was barred by the statute of frauds. We conclude that the directed verdict should not have been granted because under the evidence there was a question of fact for the trier of fact as to whether performance of the contract called for the establishment of an ongoing business or whether the contract was to be completed by the establishment of corporate entities in one of which plaintiff would be a stockholder, and, if so, whether it was intended to be performed in over one year. See Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937), as quoted in Khawly, 488 So.2d at 858. Additionally for the trier of fact under the particular evidence in this case was whether there was unrevoked performance by plaintiff of a nature which took the contract out of the operation of the statute of frauds. See generally 27 Fla.Jur.2d Statute of Frauds §§ 1214 (1981); 73 Am.Jur.2d Statute of Frauds § 405 (1974). A directed verdict should not be granted unless "the evidence and all inferences of fact, construed most strictly in favor of the nonmoving party, cannot support in the minds of the jurors any reasonable difference as to any material fact or inference." Reed v. Bowen, 503 So.2d 1265, 1266 (Fla. 2d DCA 1986), approved, 512 So.2d 198 (Fla. 1987).
We also do not agree with the trial court's alternate ground for the directed verdict on the breach of contract count that the enforcement of the contract by plaintiff was barred by section 607.051(2), Florida Statutes (1985), which provides that a subscription for shares of corporate stock is not enforceable unless it is in writing. The pertinent provisions of that statute, which are the same as those of the corresponding New York statute, were designed "to establish a defense to the enforcement of an oral subscription by a corporation against a subscriber," Beck v. Motler, 42 A.D.2d 1020, 348 N.Y.S.2d 397 (N.Y. App. Div. 1973), which was not the situation here. See also 4 W. Fletcher Cyclopedia of the Law of Private Corporations § 1480 (1985 rev.ed.).
As to (2), our disposition as to (1) renders the trial court's above-referenced basis inappropriate as a ground for the directed verdict on the fraud count under section 517.301. Nonetheless, we affirm in that regard. Section 517.301 is applicable to securities transactions, and plaintiff's own allegations and trial testimony were that a securities transaction was not involved because the venture did not involve "an investment of money in a common enterprise with profits to come solely from the efforts of others." SEC v. W.J. Howey Co., 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244, 1251 (1946). See also Brown v. Rairigh, 363 So.2d 590 (Fla. 4th DCA 1978).[1]
As to (3), aspects of the complaint are interrelated with aspects of the counterclaim, and we cannot conclude that the jury verdict on the counterclaim would necessarily have been the same if the directed verdict on the contract count of the complaint had not been granted and the case had gone to the jury on both that count and the counterclaim. We therefore conclude that the interests of justice require that we remand for a retrial of the allegations of the counterclaim together with a trial of the allegations of the contract count of the complaint. Cf. Cowart v. Kendall United Methodist Church, 476 So.2d 289, 292 (Fla. 3d DCA 1985).
For guidance upon remand, we now address plaintiff's contentions on appeal concerning *759 the judgment on the counterclaim. We do not conclude there was reversible error in the trial court having submitted to the jury the count of the counterclaim based upon civil theft, see Allen v. Gordon, 429 So.2d 369, 371 (Fla. 1st DCA 1983), or in the jury instructions relative to assent to the taking of money being a defense.
Accordingly, the judgment for defendants pursuant to the directed verdict on the contract count of the complaint is reversed, the cause is remanded for trial in that regard, and the dismissal of the count based upon section 517.301 is affirmed. The judgment for defendants on the counterclaim is also reversed and the cause is remanded in that regard for retrial together with trial of the allegations of the contract count of the complaint.
CAMPBELL, C.J., and RYDER, J., concur.
NOTES
[1] Another basis for the directed verdict on the fraud count was "insufficient evidence of requisite state of mind for the intentional tort of fraud." We need not address defendants' argument that that basis did not accurately reflect the pertinent element of a cause of action under section 517.301. See Merrill Lynch, Pierce, Fenner & Smith v. Byrne, 320 So.2d 436, 440 (Fla. 3d DCA 1975), writ discharged, 341 So.2d 498 (Fla. 1976). See also Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 680 (11th Cir.1983).