PER CURIAM.
Notwithstanding the fact that the declaratory judgment action was improperly entertained, see Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla.1968); Columbia Casualty v. Zimmerman, 62 So.2d 338 (Fla.1952), the fact finder considered the counterclaim on the merits and found that Hancock wilfully and intentionally threw the glass into Ginelli’s face. We affirm based on Prudential Property & Casualty Ins. v. Swindal, 622 So.2d 467 (Fla.1993) and Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla.1989). See also AIU Ins. Co. v. Block Marina Investment, Inc., 544 So.2d 998 (Fla.1989).
Affirmed.