623 So.2d 536 (1993)
Raymond CHONG, Appellant,
v.
Tony MILANO, Appellee.
No. 92-2009.
District Court of Appeal of Florida, Fourth District.
July 21, 1993.
Rehearing Denied September 27, 1993.
Donald J. Kisslan, Henderson & Kisslan, Davie, for appellant.
Richard G. Chosid, Fort Lauderdale, for appellee.
*537 PER CURIAM.
Raymond Chong appeals the final judgment entered in favor of Tony Milano for the breach of an oral contract. Chong argues the statute of frauds bars the enforcement of the oral contract. We agree with Chong, and reverse the final judgment.
Milano and Chong entered into an oral agreement to own and operate a recreational vehicle dealership. At trial, Milano testified that the agreement was to last forever. Florida's statute of frauds, contained in section 725.01, Florida Statutes (1989), provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ..., unless the agreement or promise upon which such action shall be brought or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
Since the business agreement was to last indefinitely, the statute of frauds bars its enforcement. See Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986).
Milano argues on appeal that even if the statute of frauds bars the enforcement of the oral contract, the trial court can be affirmed because Milano suffered a loss by relying on Chong's promises. However, Milano only filed a one count complaint alleging the breach of an oral contract. Since the reliance argument was not raised in the complaint nor litigated by the parties, it is not properly before this court. See Neveils v. Thagard, 145 So.2d 495 (Fla. 1st DCA 1962).
Since the statute of frauds bars the enforcement of the oral contract, we reverse the final judgment and remand to the trial court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, POLEN and KLEIN, JJ., concur.