717 So.2d 586 (1998)
Anthony VISCITO and Frances Viscito, d/b/a Waffle Land U.S.A., Appellants,
v.
FRED S. CARBON CO., INC., a foreign corporation, Appellee.
No. 97-1560.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
John G. George of George and Lander, P.A., Fort Lauderdale, for appellants.
William F. Cobb of Barnett & Barnard, P.A., Fort Lauderdale, and Gary A. Dumas of Gary A. Dumas, P.A., Miami Lakes, for appellee.
BRYAN, BEN L., Associate Judge.
Anthony and Frances Viscito, d/b/a Waffle Land U.S.A. ("the Viscitos") appeal from entry of final summary judgment on all three counts of their second amended complaint, alleging tortious interference, conversion, and breach of contract against Fred S. Carbon, Inc. ("Carbon"). We affirm in part and reverse in part.
This is the second appeal[1] in this case stemming from an oral agreement between *587 the Viscitos and Carbon. Pursuant to the agreement, Carbon agreed to provide the Viscitos with exclusive distributorship rights to sell and distribute its waffle mix in South Florida, and the Viscitos, in return, agreed to obtain customers for the product. In Counts I and II of their second amended complaint, the Viscitos alleged that Carbon tortiously interfered with their business relationships and wrongly utilized the Viscitos' customer list for its own benefit. They claimed Carbon had converted their customers as its own by first wrongfully obtaining a list of customers from them under the guise of implementation of a new billing system, and then providing the list of names and addresses to another distributor. They also alleged breach of contract in Count III.
Thereafter, Carbon moved for summary judgment based on the Agreement being barred by the Statute of Frauds, and on there being no genuine issues of material facts as to their claims for tortious interference and conversion. The Viscitos filed an affidavit in opposition, but it was stricken as untimely. Based only on the record evidence timely presented, the court granted the motion. The Viscitos appealed.
The fact is undisputed that the parties' oral agreement created a business relationship that lasted over an extended and indefinite period of time. Under the agreement, Carbon had the right to terminate the relationship at any time, and, in fact, did. As such, we believe the trial court correctly concluded that enforcement of the agreement was barred by the Statute of Frauds. See Chong v. Milano, 623 So.2d 536, 537 (Fla. 4th DCA 1993).
However, we disagree as to summary judgment on Counts I and II for tortious interference and conversion. The Viscitos assert a relationship with their customers that was not absolutely dependent on their relationship with Carbon. Even though the contract cannot be enforced, the Viscitos may be able to prove that the business relationship with the customers did not depend in whole on the waffle mix furnished by Carbon. If the Viscitos can prove the wrongful acts against the business relationship with their customers, factual questions exist which prevent granting of summary judgment.[2]
We, therefore, reverse summary judgment as to Counts I and II, and affirm summary judgment as to Count III.
AFFIRMED in part; REVERSED in part and REMANDED.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] Viscito v. Fred S. Carbon Co., Inc., 636 So.2d 194 (Fla. 4th DCA 1994) was the first appeal.
[2] At the hearing, there was extended discussion as to whether the Viscitos were employees and thereby excluded from the impact of the statute of frauds. This issue was raised by the Viscitos in an apparent effort to salvage the "contract". Nowhere in the second amended complaint is an employment relationship asserted. The Viscitos were distributors under an unenforceable contract. Perhaps, because of the focus on the employment issue, the court determined that, after eliminating the contract claim, no basis remained for the other counts. This conclusion is error.