965 So.2d 1161 (2007)
LYNKUS COMMUNICATIONS, INC., Appellant,
v.
WEBMD CORPORATION, Medical Manager Health Systems, Inc., and John Kang, Appellees.
No. 2D04-3967.
District Court of Appeal of Florida, Second District.
August 15, 2007.
*1164 F. Wallace Pope, Jr., of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, and Richard T. Petitt of Bricklemyer Smolker & Bolves, P.A., Tampa, for Appellant.
Dennis P. Waggoner and Landis V. Curry III of Hill, Ward & Henderson, P.A., Tampa, for Appellees WebMD Corporation and Medical Manager Health Systems, Inc.
James M. Landis and Jon P. Tasso of Foley & Lardner LLP, Tampa, for Appellee John Kang.
CANADY, Judge.
This case arises from a stillborn business relationship between appellant LynkUs Communications, Inc., and appellees WebMD Corporation, Medical Manager Health Systems, Inc., and John Kang, who was an officer of Medical Manager. LynkUs sued the appellees. The gravamen of LynkUs's complaint was that the appellees had failed to carry out an oral agreement under which LynkUs would provide a "wireless communications solution" to the customers of Medical Manager and WebMD.
At issue in this appeal are claims by LynkUs against all the appellees for fraud, negligent misrepresentation, promissory estoppel, and quantum meruit and a claim by LynkUs against WebMD and Medical Manager on an account stated. The trial court granted summary judgment in favor of the appellees on these claims on the ground that they were barred by the statute of frauds. The appellees had also moved for summary judgment on the ground that LynkUs's claims were inconsistent with and barred by the merger and modification provisions of a confidentiality agreement.
After the trial court granted summary judgment, LynkUs's remaining claim of misappropriation of trade secrets was tried. The jury returned a verdict in favor of the appellees, and final judgment was entered in their favor. LynkUs has not challenged the verdict on the trade secrets claim.
LynkUs contends that the trial court erred in applying the statute of frauds as a bar to the claims at issue here. LynkUs urges that the statute of frauds was inapplicable because there was a disputed issue of fact concerning whether the agreement could have been performed within one year and thus fell outside the scope of the statute. LynkUs further urges that the doctrine of part performance prevents application of the statute under the circumstances present here. LynkUs also relies on a statutory exception from the statute of frauds for the sale or purchase of securities. Additionally, LynkUs argues that the statute of frauds is not a defense to claims of intentional tort, quantum meruit, or account stated.[1] Finally, LynkUs asserts that the provisions of the confidentiality agreement, which the appellees urge as an alternative ground for affirmance, do not preclude the claims made by LynkUs.
We begin our analysis of LynkUs's arguments with a discussion of the statute of frauds. We then turn to the provisions of the confidentiality agreement and the alternative ground urged by the appellees for affirmance. The summary judgment in favor of the appellees can be affirmed only if they met their burden of "prov[ing] the non-existence of genuine triable issues." Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966).
The statute of frauds provides in pertinent part as follows:

*1165 No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
§ 725.01, Fla. Stat. (2000). "The statute of frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos." Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1938). The statute is designed "to prevent persons from being enmeshed in and harassed by claimed oral promises made in the course of negotiations not ending in contracts reduced to writing." Cohen v. Pullman Co., 243 F.2d 725, 729 (5th Cir.1957). "The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection." Yates, 181 So. at 344.
A core feature of the statute is that it applies only to agreements that are "not to be performed within the space of 1 year from the making thereof." § 725.01. For the statute to make an agreement unenforceable, "it must be apparent that it was the understanding of the parties that [the agreement] was not to be performed within a year from the time it was made." Yates, 181 So. at 344.
When . . . no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds.
. . . [W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.
Id. (citation omitted).
In the instant case, it is clear "from the object to be accomplished . . . and the surrounding circumstances" that the agreement alleged by LynkUs was intended to "extend for a longer period than a year." Id. The fact that the business arrangement could commence within one year of the parties' alleged agreement is of no moment. The evidence before the trial court shows beyond dispute that the joint business arrangement which was contemplated by LynkUsbut never memorialized in a writingwould be a long-term arrangement or an arrangement that, by its very nature, would extend for more than a year.
It is thus undisputed that the alleged agreement essentially "called for the establishment of an ongoing business." Verhaegen v. Montigny, 553 So.2d 756, 758 (Fla. 2d DCA 1989). "`An oral agreement to enter into a new business which will continue indefinitely has been held to be within the purview of'" the statute of frauds. Khawly v. Reboul, 488 So.2d 856, 858 (Fla. 3d DCA 1986) (quoting Weinsier v. Soffer, 358 So.2d 61, 63 (Fla. 3d DCA 1978)); see also Viscito v. Fred S. Carbon Co., 717 So.2d 586, 587 (Fla. 4th DCA 1998) (holding that where it was "undisputed that the parties' oral agreement created a business relationship that lasted over an extended and indefinite period of time[,] . . . the trial court correctly concluded that *1166 enforcement of the agreement was barred by the Statute of Frauds"); Chong v. Milano, 623 So.2d 536, 537 (Fla. 4th DCA 1993) ("Since the business agreement was to last indefinitely, the statute of frauds bars its enforcement.").
LynkUs also relies on the provision of section 678.1131, Florida Statutes (2000), which makes the statute of frauds inapplicable to contracts for the sale or purchase of securities. LynkUs's argument on this point is no more availing than its argument that the agreement was to be performed within one year. Although LynkUs has claimedand adduced evidence to support its claimthat Kang contemplated acquiring stock in LynkUs in connection with the arrangement for LynkUs to provide the wireless communications solution to the customers of Medical Manager and WebMD, that circumstance is tangential to LynkUs's cause of action. The alleged securities transaction is not the basis for LynkUs's claims. Accordingly, section 678.1131 has no application here.
We also reject LynkUs's contention that the doctrine of part performance precluded application of the statute of frauds. To begin with, there was no part performance of the alleged business arrangement which is the basis for LynkUs's claims. It is undisputed that LynkUs never provided the "solution" to the customers of the appellee corporations. Furthermore, the doctrine of part performance does not apply to actions "for the recovery of damages for alleged breach of an oral contract" within the operation of the statute of frauds. Elsberry v. Sexton, 61 Fla. 162, 54 So. 592, 593 (1911); see also Winters v. Alanco, Inc., 435 So.2d 326, 331 (Fla. 2d DCA 1983); Wharfside at Boca Pointe, Inc. v. Superior Bank, 741 So.2d 542, 545 (Fla. 4th DCA 1999); Collier v. Brooks, 632 So.2d 149, 155 (Fla. 1st DCA 1994); Dwight v. Tobin, 947 F.2d 455, 459 (11th Cir.1991).
Accordingly, LynkUs succeeds on none of the broad grounds it urges for taking the agreement at issue out of the statute of frauds. We thus turn to LynkUs's argument that specific causes of action are, by their nature, not subject to the statute of frauds. This argument is directed to the causes of action for fraud, promissory estoppel, quantum meruit, and account stated.
LynkUs's argument that a claim for fraud cannot be barred by the statute of frauds is refuted by Canell v. Arcola Housing Corp., 65 So.2d 849, 851 (Fla. 1953), where the court stated that a suit for "damages for fraud and deceit" was "simply an attempt in an indirect manner to obtain damages for breach of the contract." The court held that under the statute of frauds, "`an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.'" Id. (quoting 25 R.C.L. 691); see also Conner, I, Inc. v. Walt Disney Co., 827 So.2d 318, 319 (Fla. 5th DCA 2002); Ostman v. Lawn, 305 So.2d 871, 873 (Fla. 3d DCA 1974); Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 721 (Fla. 3d DCA 1972); Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortgage Corp., 265 F.Supp.2d 366, 382 (S.D.N.Y.2003).
LynkUs is likewise unjustified in relying on authorities concerning the tort of fraudulent inducement. See Attanasio v. Excel Dev. Corp., 757 So.2d 1253 (Fla. 4th DCA 2000); cf. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996). LynkUs has not made a claim for fraudulent inducement, but for fraud in the performance of an agreement. *1167 The alleged "`misrepresentations relate to the breaching party's performance of the contract'" and do not establish a basis for "`an independent cause of action in tort'" for fraudulent inducement. HTP, Ltd., 685 So.2d at 1240 (quoting Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc., 209 Mich.App. 365, 532 N.W.2d 541, 545 (1995)).
LynkUs similarly fails in its argument that the statute of frauds cannot be applied to a claim for promissory estoppel. In Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d 777, 779 (Fla. 1966), the supreme court declined to "adopt by judicial action the doctrine of promissory estoppel as a sort of counteraction to the legislatively created Statute of Frauds." See also W.R. Grace & Co. v. Geodata Servs., Inc., 547 So.2d 919, 924-25 (Fla.1989); Dep't of Health & Rehabilitative Servs. v. Law Offices of Donald W. Belveal, 663 So.2d 650, 653 (Fla. 2d DCA 1995); Coral Way Props., Ltd. v. Roses, 565 So.2d 372, 374 (Fla. 3d DCA 1990); Harris v. Sch. Bd., 921 So.2d 725, 735 n. 9 (Fla. 1st DCA 2006); Mark Andrew of the Palm Beaches, Ltd., 265 F.Supp.2d at 382.
LynkUs's quantum meruit claim is a different matter. In Mills v. Joiner, 20 Fla. 479 (1884), the court held that where a contract is unenforceable under the statute of frauds, liability may nonetheless be imposed "not upon the agreement, but upon a quantum meruit, to the extent of the benefit received." (Internal quotation marks omitted.) See also Harrison v. Pritchett, 682 So.2d 650, 652 (Fla. 1st DCA 1996). Accordingly, we conclude that the statute of frauds did not bar the claim for quantum meruit.
We also recognize that to the extent a claim of account stated is based on an executed contract rather than on an executory contract, it will fall outside the operation of the statute of frauds. See Dionne v. Columbus Mills, Inc., 311 So.2d 681, 683 (Fla. 2d DCA 1975).
We thus turn to the appellees' argument that the provisions of a confidentiality agreement entered into by LynkUs provide an alternative basis for affirming the summary judgment.
The agreement between LynkUs and Medical Manager, which was entered into on September 5, 2000, recited that the parties "desire to explore and discuss the potential mutual benefits from joint business arrangements or activities involving providing a communications solution" to Medical Manager's "customer base." The agreement extended to the parties' "affiliated companies." WebMD is affiliated with Medical Manager. The agreement set forth detailed provisions concerning the confidentiality of information disclosed during the discussion between the parties. The agreement also contained two provisions that are pertinent to the claims at issue in this appeal.
The first of these provisions made clear that the parties were only entering into discussions concerning a potential business arrangement and were not binding themselves to undertake such an arrangement: "Nothing in this Agreement shall require either [Medical Manager] or LYNKUS to enter into any business arrangement or transaction or to negotiate any such business arrangement or transaction for any specified period of time."
The second relevant provision is a merger and modification provision: "This Agreement represents the entire Agreement between the parties with respect to the subject matter hereof, superseding all previous oral or written communications, representations or agreements. This Agreement may be modified only by a duly authorized and executed writing signed by both parties."
*1168 LynkUs contends that these provisions have no bearing on the claims at issue here but relate solely to the requirements concerning the confidentiality of information. We reject this interpretation of the agreement. The "subject matter" of the agreement is the contemplated "joint business arrangements or activities involving providing a communications solution" to the "customer base" of Medical Manager and the discussions related to such arrangements or activities. All of the claims at issue in this appeal are intrinsically related to that subject matter. And the pertinent provisions of the agreement make clear beyond dispute that the parties had done nothing more than enter confidential discussions concerning a potential business arrangement.
LynkUs's claims for quantum meruit and account statedas well as all the other claims at issue herecannot be reconciled with the plain language of the agreement. The claim for consulting services represented by the account stated claim  reflected in an invoice dated September 1, 2000is unequivocally superseded by the provision that the September 5, 2000, agreement entered into by the parties was their "entire" agreement and "supersed[ed] all previous oral or written communications, representations or agreements." The quantum meruit claim  which is based on an implied contractual undertakingis likewise defeated by the express agreement of the parties setting forth the limitations on their relationship and requiring that any alteration in that relationship be accomplished "only by a duly authorized and executed writing signed by both parties." LynkUs has presented no basis for escaping the operation of the clear terms of the confidentiality agreement.
The summary judgment in favor of the appellees was warranted. The final judgment for the appellees is therefore affirmed.
Affirmed.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] LynkUs has made other points concerning the trial court's summary judgment ruling which we have determined do not merit discussion.