CLARK, J.
Marc Cohen appeals the final judgment for the plaintiff below and awarding her $53,153,199 plus costs and interest at the statutory rate. Because the evidence presented at the final hearing did not support the cause of action for fraudulent misrepresentation or any other legal ground upon which the judgment could be based, the judgment is reversed and this cause remanded for entry of judgment for Appellant.
The facts were undisputed that the parties jointly purchased real property in November, 2004. Appellee contributed the down payment on the property using the proceeds from her previous residence, amounting to approximately $111,000.00. The parties paid the remainder of the purchase price by obtaining a twenty year mortgage in both their names. Both parties’ names appeared on the deed. The parties were never married to each other. Appellee used the property as her residence while Appellant maintained other residences.
For the first four years after the purchase, Appellant paid the mortgage payments in their entirety. In July, 2008, Appellant ceased making the mortgage payments and for the next four years, Appellee paid the mortgage payments with no contribution from Appellant. The property was sold in 2012. Immediately prior to the sale of the home, Appellant executed a quitclaim deed to Appellee and Appellee retained all of the proceeds from the sale of the residence, approximately $107,000.00.
*529 Appellee brought suit against Appellant in circuit court in 2008, seeking monetary damages to recover the funds she expended to pay the mortgage payments. The complaint alleged four causes of action, including breach of contract and fraudulent misrepresentation. By the time the final judgment was entered in January, 2013, Appellee had conceded and abandoned all but the fraudulent misrepresentation claim.
Based on the testimony presented at the final hearing, the trial court found that both parties had a legal obligation to the lender to pay the mortgage payments. The court further found, based on Appel-lee’s testimony, that Appellant had orally “agreed to pay the mortgage payments.” It was undisputed that there was no writing signed by Appellant to this effect. The only written documents were the note, the mortgage, and the deed to the property, all reflecting joint ownership and joint obligation for the debt. Without specifying the cause of action upon which the judgment was based, but with only Count I of the complaint (fraudulent misrepresentation) surviving at the time the final judgment was entered, the trial court entered judgment for Appellee (the plaintiff) as described above.
The parties correctly conceded, prior to the conclusion of the trial proceedings, that section 725.01, Florida Statutes, bars lawsuits upon promises to pay another’s debt and agreements which are not to be performed within one year, unless the agreement is in writing and signed by the party to be charged. Accordingly, Appel-lee and the trial court relied on her allegation of fraudulent misrepresentation which induced her to incur debt under the mortgage, an amount of debt both parties “understood” she could not afford alone.
The trial court’s judgment does not contain findings of fact corresponding
to the elements of fraudulent misrepresentation. These elements are: “(1) a false statement concerning a material fact; (2) the representor’s knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.” Butler v. Yusem, 44 So.3d 102, 105 (Fla.2010). The trial court did not specify a false statement upon which the judgment was based. Appellee argued at the final hearing, and in this appeal, that Appellant’s false statement that he was not married induced Appellee to enter into the mortgage and incur the injury of excessive debt in reliance on this false statement. However, the written documents — the note, mortgage, and deed — are not dependent upon either party’s marital status. Accordingly, even if Appellant did make a false statement regarding his marital status, it was not material to the written documents obligating Appellee to pay the mortgage and conferring a property interest in the real property upon Appellee. In addition, the facts adduced at the final hearing did not establish any financial injury to Appellee resulting from her reliance on Appellant’s supposed marital status. Each party paid four years’ worth of mortgage payments and when the property was sold, Appellee retained the proceeds, recouping well over half the amount of the down payment she supplied for the initial purchase.
The trial court made a finding of fact that “Dr. Cohen agreed to make the mortgage payments.” If the trial court concluded that this was the false statement which induced Appellee’s reliance and action incurring the debt, the oral statement was contrary to the written terms of the mortgage and note and cannot support an action in tort for fraudulent misrepresentation. The law is settled that “an action *530 for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.” LynkUs Commc’ns, Inv. v. WebMD Corp., 965 So.2d 1161, 1166 (Fla. 2d DCA 2007). Appellee cannot avoid the statute of frauds simply by couching her claim in terms of the tort of fraudulent misrepresentation rather than breach of an oral contract. See India Am. Trading, Co., Inc. v. White, 896 So.2d 859 (Fla. 3d DCA 2005).
Finally, as noted above, the evidence adduced at the final hearing does not establish any monetary damage to Appellee. Her payment of the mortgage for four years followed four years of payments by Appellant. As for the down payment Ap-pellee paid at the time of the purchase, Appellant transferred his ownership interest to her prior to the sale, entitling Appel-lee to retain the entire proceeds from the sale of the property. Assuming equal responsibility for both parties, the evidence was undisputed that Appellee recovered not only the portion of the down payment she paid on Appellant’s behalf, but nearly all of her own portion as well.
Because there is no theory or principle of law in the record which would support the final judgment, the final judgment is REVERSED and this cause remanded for entry of judgment in favor of Appellant, the defendant in the trial proceedings.
WETHERELL and RAY, JJ., concur.