# Third District Court of Appeal

## State of Florida

Opinion filed December 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2748
Lower Tribunal Nos. 13-4200 & 13-4203

_____

## 940 Lincoln Road Associates LLC, et al.,
Appellants,

vs.

## 940 Lincoln Road Enterprises, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Legon Fodiman, P.A., and Todd R. Legon and William F. Rhodes, for appellants.

Foley & Lardner LLP, and William E. Davis, Mary Leslie Smith and Natalia M. Salas; Schlesinger & Associates, P.A., and Michael J. Schlesinger and Joshua B. Bochner; Greenberg Traurig, P.A., and Julissa Rodriguez and Stephanie L. Varela, for appellees.

Before SUAREZ, SCALES and LINDSEY, JJ.

SCALES, J.

940 Lincoln Road Associates LLC and CA 947 Lincoln Road LLC (collectively "Buyers") appeal the grant of final summary judgment in favor of 940 Lincoln Road Enterprises, Inc., 947 Lincoln Road Investments, Inc., and Leon Zwick (collectively "Sellers") on Buyers' claims related to two failed commercial real estate deals. Buyers also appeal separate orders dissolving their *lis pendens* against the commercial properties that are the subject of the underlying action. For the following reasons, we affirm in all respects.

I.      RELEVANT FACTS AND FACTUAL BACKGROUND

The relevant facts are not in dispute.

In May 2012, Buyers entered into agreements with Sellers to purchase two separate commercial properties located in the pedestrian Lincoln Road mall area of Miami Beach. When it became apparent that neither closing would take place as scheduled (on December 28, 2012 and January 7, 2013), Buyers exercised their contractual rights to terminate the subject purchase and sale agreements and received a return of their deposits. Both termination letters provided that Buyers were terminating the agreements because: (i) Sellers had not complied with certain conditions set forth in the agreements with respect to the removal of existing tenants prior to closing; and (ii) Sellers could not deliver clear title at closing because notices of *lis pendens* had been recorded against the subject properties by Zwick's sister, Bejla Miller, who had filed the two *lis pendens* in an action in the

2

Miami-Dade Circuit Court, wherein she claimed an ownership interest in the subject properties.

Buyers claim that when they decided to terminate the subject purchase and sale agreements, Sellers' representatives had orally promised that Sellers would sell the subject properties to Buyers under the same terms and conditions, including price, but with a new closing date, "once the dust settled" from Bejla Miller's litigation (the "oral reset agreement"). The alleged oral reset agreement was neither referenced in the letters of termination, however, nor ever reduced to writing. In November 2013, in the case brought by Bejla Miller, the trial court entered final summary judgment in favor of Sellers. Sellers did not thereafter sell the subject properties to Buyers pursuant to the oral reset agreement. Instead, Sellers sold the properties to a third party, Richard Chera. There was evidence introduced below that Sellers had negotiated the sale of the subject properties to Chera prior to Buyers' termination of the May 2012 purchase and sale agreements, which, if true, would have been a violation of the exclusivity provision of the May 2012 purchase and sale agreements.[1]

Several months after Buyers terminated the purchase and sale agreements, Buyers filed two nearly identical actions against Sellers, which were later

---

[1] The relevant portion of the subject agreements' exclusivity provision provides that "Seller shall not solicit, enter into any contract or negotiations . . . regarding the Property with any other party commencing on the date hereof and continuing thereafter until the Closing or termination of this Agreement."

consolidated, and filed notices of *lis pendens* against the subject properties. The Third Amended Complaints allege claims for specific performance (count I), declaratory relief (count II), injunctive relief (count III), fraud (count IV), fraud in the inducement (count V), negligent misrepresentation (count VI), rescission (count VII), and breach of contract (count VIII).  All of the claims are based on the common allegations that: (i) Sellers had represented they could deliver clear and marketable title for the subject properties when Sellers knew they could not do so because of Bejla Miller's claim to an ownership interest in the properties; (ii) Sellers had negotiated the sale of the subject properties with Richard Chera while Sellers were still under contract with Buyers in violation of the May 2012 purchase and sale agreements' exclusivity provisions; and (iii) under the oral reset agreement, Sellers had agreed to sell the subject properties to Buyers after the lawsuit with Miller was resolved.  Essentially, Buyers' complaints allege Buyers were fraudulently induced to terminate the contracts; Buyers seek to revoke Buyers' terminations and reinstate the contracts.

After holding a hearing on Sellers' motions for summary judgment, the trial court entered separate orders granting summary judgment in favor of Sellers on all claims.  The trial court separately entered orders dissolving the *lis pendens* against each of the subject properties, and on November 20, 2016, entered a final judgment for Sellers which Buyers timely appealed.

4

## II.    ANALYSIS

Applying the *de novo* standard of review on appeal, we affirm.  See Tropical

Glass & Constr. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009) ("The

standard of review for summary judgment is *de novo*. . . . Additionally, a trial

court's decision construing a contract presents an issue of law that is subject to the

*de novo* standard of review.").

First, we find that final summary judgment was properly entered against

Buyers on their claim for breach of contract (count VIII).  As already stated,

because Sellers had removed neither the properties' existing tenants nor Bejla

Miller's *lis pendens*, Buyers expressly and unequivocally terminated the May 2012

purchase and sale agreements and received their deposits – as was their contractual

right.[2]  By doing so, we agree with the trial court that Buyers selected their remedy

under the default provision of the subject agreements.[3]  Because Buyers chose their

---

[2] The subject agreements provided that if Sellers could not deliver clear title to the subject properties at closing, Buyers had "the option of either (i) terminating this Agreement, in which event Escrow Agent shall pay the Deposit to Purchaser *whereupon neither party shall have any further rights or obligations hereunder* or (ii) accepting such title as Seller shall be able to convey, with a reduction of the Purchase Price . . . ." (Emphasis added).  Similarly, the subject agreements provided that if Sellers could not satisfy the delivery conditions with respect the removal of existing tenants by the time of closing, Buyers "may terminate this Agreement upon written notice served on Seller on or before the Closing Date, in which event the Deposit, together with interest thereon but less than the actual amount of Rental Loss Reimbursement . . . shall be refunded to Purchaser *and thereafter this Agreement shall be deemed terminated and of no force or effect* except for those provisions intended to survive Closing." (Emphasis added).

contractual remedy to terminate and receive a return of their deposits, we agree with the trial court that Buyers affirmatively forfeited their right to bring the instant breach of contract action against Sellers.

As to counts I, II, III, V, VI, and VII – all of which sound in fraud and are based on the alleged oral reset agreement – we agree with the trial court that those claims must fail because of the statute of frauds.  It is well settled that a party cannot avoid the writing requirement of the statute of frauds by reformulating what amounts to a breach of an oral contract claim into a fraud claim. See, e.g., Cohen v. Corbitt, 135 So. 3d 527, 530 (Fla. 1st DCA 2014) ("Appellee cannot avoid the statute of frauds simply by couching her claim in terms of the tort of fraudulent misrepresentation rather than breach of an oral contract."); LynkUS Commc'ns, Inc. v. WebMD Corp., 965 So. 2d 1161, 1166 (Fla. 2d DCA 2007) ("[U]nder the statute of frauds, 'an action for damages cannot be maintained on the ground of fraud in refusing to perform the [oral] contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.'" (quoting Canell v. Arcola Housing Corp., 65 So. 2d 849, 851 (Fla. 1953))); Ashland Oil, Inc. v. Pickard, 269 So. 2d 714, 721 (Fla. 3d DCA 1972) ("The

---

[3] The default provision of the purchase and sale agreements provided that, in the event the Sellers failed to cure any default in their obligations, Buyers' "(i) [had] the right to terminate this Agreement and receive the return of the Deposit, or (ii) [had] the right to have *all remedies at law and in equity*, including, without limitation, specific performance . . . ." (Emphasis added).

6

Florida rule is that the statute of frauds may not be avoided by a suit for fraud based on oral representations[.]").

As to count IV – which was based on allegations that Sellers had misrepresented that they could deliver good and marketable title to Buyers – we agree with the trial court that this claim must fail because: (i) delivery of clear title was part of the express terms of the subject agreements; and (ii) there was no evidence that Sellers did not intend to comply with their contractual obligations to convey clear title at the time they entered into the subject agreements. See Alexander/Davis Props., Inc. v. Graham, 397 So. 2d 699, 706 (Fla. 4th DCA 1981) ("As a general rule, fraud cannot be predicated upon a mere promise not performed. However, under certain circumstances, a promise may be actionable as fraud where it can be shown that the promissor had a specific intent not to perform the promise at the time the promise was made, and the other elements of fraud are established.") (citations omitted).

For these reasons, we affirm the orders on review granting final summary judgment in favor of Sellers. Final summary judgment having been properly entered, we also affirm the orders dissolving Buyers' *lis pendens* against the commercial properties that are the subject of this consolidated action.

Affirmed.